**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 27 2004**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

KENNETH R. SELLERS,

      Plaintiff-Appellant,

v.

ROGER WORHOLTZ, in his
individual and official capacities;
RAY ROBERTS, in his individual and
official capacities; KIM HARPER,
Unit Team Member, in her individual
and official capacities; ALICE
DOMANN, Unit Team Member, in her
individual and official capacities;
CAROLE LIGGETT, Accountant III,
in her individual and official
capacities,

      Defendants-Appellees.

No. 03-3153
(D.C. No. 03-CV-3146-GTV)
(D. Kan.)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL**, **HENRY**, and **MURPHY**, Circuit Judges.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Kenneth R. Sellers, proceeding pro se, appeals from an order of the district court dismissing this action brought pursuant to 42 U.S.C. § 1983 for failure to state a claim. We affirm.

Mr. Sellers commenced this action against various prison officials after he learned that they had withdrawn funds from his prison trust account to pay various fees authorized by Kan. Admin. Reg. § 44-5-115. He claimed that, while officials could withdraw funds deposited as his prison wages, they could not withdraw funds deposited by friends and family members without affording him due process. He also alleged an Eighth Amendment cruel and unusual punishment violation as he was unable to purchase various hygiene items such as toothpaste, deodorant, and soap, because defendants' actions left him without any money in his prison trust account.

The district court dismissed the action holding that § 44-5-115 authorized the withdrawals. On appeal, Mr. Sellers repeats his original claims.

"We review a dismissal under Rule 12(b)(6) de novo. Our function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might

present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." Jacobsen v. Deseret Book Co., 287 F.3d 936, 941 (10th Cir.) (quotations and citation omitted), cert. denied, 123 S. Ct. 623 (2002). Because he is pro se, we construe Mr. Sellers' pleadings liberally. See Perkins v. Kan. Dep't of Corr., 165 F.3d 803, 806 (10th Cir. 1999).

In his complaint, Mr. Sellers alleged that defendants denied him due process by freezing his prison trust account, which included funds he had received from his family, to pay the authorized fees. He did not allege that he did not receive the due process required before *any* funds could be withdrawn, but rather that he was due an individualized hearing before monies deposited to his account from outside sources could be withdrawn. Mr. Sellers stated that he was not challenging whether the fees could constitutionally be collected. Review of his complaint also shows that he was not complaining of the amount of money withdrawn, nor was he challenging the fact that he owed the amounts withdrawn.

As the district court noted, the regulation does not make any provision for distinguishing the origin of funds in an inmate's account. Nor does the United States Constitution require any such distinction. In another context, this court has rejected the notion that the origin of the funds in an inmate's trust account should affect the dispersal of those funds. See Cosby v. Meadors, 351 F.3d 1324, 1326

(10th Cir. 2003) ("[W]e interpret the word 'income' . . . to include all deposits to the prisoner's inmate account, whether the deposit be earned income, a gift, or otherwise."). "[W]e question[ed] whether Congress would have expected prison officials to investigate whether a deposit to an inmate account was a gift from a parent, book royalties, or deferred payments on a narcotics transaction." Id. Similarly, we do not think the Kansas Department of Corrections would expect prison officials to make such an investigation. We agree with the district court that prison officials need not investigate the source of funds in an inmate's account before appropriating them as permitted by law.

We also hold that Mr. Sellers has failed to allege an Eighth Amendment violation. As Mr. Sellers himself noted, he was told he could apply for an "indigent package" every month, which would apparently contain the necessary hygiene products. Rec. tab 1 at ¶ 13.

The judgment of the district court is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court


Robert H. Henry
Circuit Judge

-4-